IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.:  2:16-cv-421-WC |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Pending before the court is the Acting Commissioner of Social Security's Consent Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant. (Doc. 17). In her supporting Memorandum (Doc. 18), the Acting Commissioner states remand is necessary to permit further consideration of Plaintiff's claim of disability. In particular, the Acting Commissioner states that, upon this court's remand, the Agency will instruct the ALJ to

> (1) reassess Plaintiff's residual functional capacity and provide rationale for the assessed limitations (20 C.F.R. §§ 404.1545 and 416.945 and Social Security Rulings 96-8p and 96-6p); (2) re-evaluate the medical source opinions, including the opinions of the state agency medical consultants (20 C.F.R. §§ 404.1527 and 416.927 and Social Security Rulings 96-5p and 96-6p); (3) reassess Plaintiff's credibility as required by 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling 96-7p; (4) if necessary, obtain supplementary evidence from a vocational expert concerning the impact of all of Plaintiff's limitations on his ability to perform other work (Social Security Rulings 83-12, 83- 14, 85-15, and/or 96-9p); (5) if Plaintiff is found disabled, conduct the further proceedings required to determine whether drug addiction and alcoholism are contributing factors material to the determination of disability in accordance with 20 C.F.R. §§ 404.1535 and

416.935; and (6) any other proceedings the Commissioner deems appropriate.

Def.'s Mem. (Doc. 18) at 1-2.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

In this case, the court finds reversal and remand necessary as Defendant concedes reconsideration and proper application of governing law and further development of the record is in order. Furthermore, Plaintiff does not oppose the motion.

Accordingly, it is

ORDERED that the Commissioner's Motion (Doc. 17) is GRANTED; for the reasons set forth in the Motion and in this Order, the decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

A separate judgment will issue.

Done this 19th day of January, 2017.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE